[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on November 9, 1985 at Niantic, Connecticut. There are no minor children issue of the marriage.
The court finds that the marriage has broken down irretrievably. A dissolution of the marriage is hereby ordered.
The plaintiff is age thirty-seven. She has a Masters Degree in Science and Nursing from the University of Connecticut. She graduated Magna Cum Laude. She is employed as a Registered Nurse at Yale-New Haven Hospital. Her net weekly wage is $601.24. She is in apparent good health.
The defendant is age thirty-three. He graduated from high school and has one year of college. He is employed as a telemarketer for Tri State Window Distributors, Inc. His net weekly wage is $715.63. He is in apparent good health.
The plaintiff and the defendant live at 30 Romagna Road, Niantic with the plaintiff's father, age sixty-eight. He is mentally disabled and lives on social security. He pays for his own food and staples. He needs his daughters care.
The plaintiff claims that one of the causes of the dissolution of the marriage is the fact that the defendant was CT Page 11271 unfaithful to her. He lived with another woman for six months from July to November, 1990. She wants children. He does not. They have had many arguments. She claims that he calls her vulgar and obscene names. He drives after drinking and has had six or seven accidents as a result of his drinking. She has called the police because of his verbal abuse.
The defendant claims that the plaintiff caused the marital breakdown because she was miserable to him; refused to have sex and practices witch craft. She denied these claims. He conceeded [conceded] that some of her testimony was true. The court finds that the testimony of the plaintiff is the more credible.
The main assets of the marriage are three houses in Niantic presently in the name of both parties, 30 Romagna Road, 108 Hillcrest Avenue and 101 Bayview Avenue. Both parties want sole ownership of the Romagna Road property and are willing to have an equitable distribution of the rest of the real property and other assets.
Prior to the marriage of the parties the plaintiff and her father purchased the Hillcrest Avenue property from her grandmother's estate. Her father paid $20,000 toward the purchase. After the marriage of the parties the property was put in their names. The Romagna Road property was purchased with money the plaintiff obtained from the sale of a house she owned in New Britain prior to the marriage. The Bayview Avenue house was built by the plaintiff's father in the 1950's. It was given to the plaintiff's brother. She then purchased the property after a foreclosure in the name of both parties. Money for the purchase was obtained by getting a mortgage on the Hillcrest property. They now own the Bayview, Romagna and Hillcrest properties.
All three properties were obtained by funds received from the plaintiff's family or provided by the plaintiff. The defendant did not contribute any money toward the purchase of any of the properties. However, the defendant did extensive renovations to all three properties. The defendant has not been able to place a value on the extent of the work he did on the various properties.
The parties have presented evidence as to the value of the material assets. The court has considered the evidence CT Page 11272 and finds the assets to be as listed below.
Property Equity/Value
Romagna Road $59,000 Hillcrest Avenue $12,000 Bayview Avenue $51,000 Escrow Account (Held by Atty. Stevens) $30,000
Plaintiff's Assets
1990 Mazda $10,000 Personality including coins and jewelry $15,000 Retirement $ 9,000 Cash value Life Insurance $ 6,000 LM Credit Union Citizens Savings Accts. $ 4,000
Defendant's Assets
1984 Lincoln $ 3,000 1932 Pontiac $ 9,000 Personal Property $15,000 Cash value Life Insurance $ 2,700
In making its awards regarding the division of the marital assets, the court has considered all of the criteria contained in Connecticut General Statutes 46b-81 et seq. In particular the court has considered the credibility of the parties and the claims of the defendant regarding the renovations he did on the various properties owned by the parties.
 1. The Romagna Road property is awarded to the plaintiff subject to all the encumbrances and liabilities thereon which shall be her sole obligation. The defendant shall vacate the premises and quit claim deed the property to the plaintiff within 30 days of this order
 2. The Hillcrest Road property is awarded to the plaintiff under the same conditions as the Romagna Road property within 30 days of the date hereof.
 3. The Bayview Avenue property is awarded to the defendant under the same conditions as apply to the CT Page 11273 two properties awarded to the plaintiff. She is ordered to quit claim her interest in the property to the defendant within 30 days of the date hereof.
The court awards to the plaintiff one half of the escrow account in the amount of $30,000 presently held by Attorney Stevens.
The court awards to the plaintiff her bank account at the LM Credit Union and Citizens Savings, the 1990 Mazda, her personal property including her coin and jewelry collection, her retirement account and the cash value of her life insurance, all valued as previously listed in this decision.
The court awards to the defendant one half of the escrow account in the amount of $30,000 presently held by Attorney Stevens. In addition, the court awards to the defendant his 1984 Lincoln, his 1932 Pontiac, his personal property and the cash value of his life insurance, all valued as previously listed in this decision.
The court orders that neither party shall pay any alimony to the other.
The plaintiff will maintain the defendant on her medical insurance so long as she is allowed to do so under the terms of the existing policy, at the expense of the defendant.
Each party shall be responsible for his other own debts. Any dispute regarding furniture or other personal property not already resolved shall be submitted to binding arbitration within 30 days after the parties fail to agree.
Each party shall be responsible for his or her own attorney's fees and costs incurred in this action.
Hurley, J.